UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JASON C. KING,

                Plaintiff,

vs.                       Case No.  2:11-cv-170-FtM-29DNF

STATE OF FLORIDA, by and through
Pamela Bondi as Attorney General,

                Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Verified Motion for Temporary Restraining Order (Doc. #2) filed on March 25, 2011. Plaintiff seeks to enjoin the State from enforcing or applying Florida Statute Section 61.13(2)(c)2a against plaintiff in a pending state court action, 10-DR-7350, which has been noticed for trial.

### I.

The Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida authorize a court to issue a temporary restraining order without written or oral notice to the adverse party under certain circumstances. Fed. R. Civ. P. 65(b); M.D. Fla. R. 4.05. A temporary restraining order may enter without notice only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;

and (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).  A temporary restraining order will be issued only if plaintiff demonstrates: (1) the likelihood of success on the merits of the claim; (2) the irreparable nature of the threatened injury and the reason that notice cannot be given; (3) the potential harm that might be caused to the opposing parties or others if the order is issued; and (4) the public interest at stake, if any.  See M.D. Fla. R. 4.05(b)(4); see also Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

## II.

The record from the state court action was filed under plaintiff's Notice of Intent to Rely on Judicial Notice (Doc. #3). For purposes of review, the Court will take judicial notice of the state court docket as no factual basis is articulated in the Verified Complaint.

On October 29, 2010, Shannon R. King (S. King) filed a Petition for Dissolution of Marriage in the Circuit Court in and for Lee County, Florida, seeking to dissolve her marriage to Jason C. King (J. King), the plaintiff herein.  A Standing Temporary Order for Dissolution of Marriage Action With Minor Children was issued the same day requiring shared parenting and parenting classes.  J. King filed his Answer to the Petition.  The Kings have

minor children and both parties are represented by counsel in the state court proceedings.  A joint Parenting Plan was also filed. J. King also filed a Counter Petition for Dissolution of Marriage, to which S. King filed an Answer.  Mediation was scheduled for February 3, 2011, but reached a total impasse.  On the same day, S. King filed a Notice stating she was ready for trial.  On March 23, 2011, an Order of Referral to Magistrate was issued referring the non-jury trial.  Docket Sounding is scheduled for Monday, April 25, 2011, and trial is scheduled to occur in May 2011.  The joint Parenting Plan was adopted by Order on March 22, 2011.

## III.

On March 25, 2011, plaintiff filed a Verified Complaint (Doc. #1) against the State of Florida, by and through the Attorney General Pamela Bondi, seeking declaratory and injunctive relief regarding the constitutionality of Florida Statute Section 61.13(2)(c)2.a, which states:

> (c) The court shall determine all matters relating to parenting and time-sharing of each minor child of the parties in accordance with the best interests of the child and in accordance with the Uniform Child Custody Jurisdiction and Enforcement Act, except that modification of a parenting plan and time-sharing schedule requires a showing of a substantial, material, and unanticipated change of circumstances.
>
> 1. It is the public policy of this state that each minor child has frequent and continuing contact with both parents after the parents separate or the marriage of the parties is dissolved and to encourage parents to share the rights and responsibilities, and joys, of childrearing. There is no presumption for or against the father or mother of the child or for or against any

specific time-sharing schedule when creating or modifying the parenting plan of the child.

2. The court shall order that the parental responsibility for a minor child be shared by both parents unless the court finds that shared parental responsibility would be detrimental to the child. . . .

a. In ordering shared parental responsibility, **the court may consider the expressed desires of the parents and may grant to one party the ultimate responsibility over specific aspects of the child's welfare or may divide those responsibilities between the parties based on the best interests of the child.** Areas of responsibility may include education, health care, and any other responsibilities that the court finds unique to a particular family.

b. The court shall order sole parental responsibility for a minor child to one parent, with or without time-sharing with the other parent if it is in the best interests of the minor child.

Fla. Stat. § 61.13(2)(c)2.a (2010)(emphasis added). Specifically, plaintiff argues that this statute unconstitutionally authorizes a state court to award shared parental responsibility to both parents while providing sole responsibility to one parent. Plaintiff argues that this violates his substantive due process and equal protection rights under the Fourteen Amendment of the United States Constitution. Plaintiff does not provide a factual basis for his claims in the Verified Complaint.

Plaintiff has not satisfied the requirements for a temporary restraining order. Plaintiff has not shown the need for resolution of the motion prior to serving defendant, and has not certified in writing any efforts he took to give notice. Additionally, at the very least, plaintiff has not shown that he is likely to suffer

irreparable injury.  All of plaintiff's constitutional claims may be raised in state court in the pending proceeding, and the state court has full authority to redress any meritorious issues regarding the Florida statutes.

Accordingly, it is now

**ORDERED:**

Plaintiff's Verified Motion for Temporary Restraining Order (Doc. #2) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this   31st   day of March, 2011.


_____
JOHN E. STEELE
United States District Judge


Copies:
Plaintiff

-5-